# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3523 | **DATE** | 1/22/2002 |
| **CASE TITLE** | DeVry/Becker vs. Totaltape | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiff DeVry/Becker's Motion to Reopen Action [47-1] and for a Rule to Show Cause [47-2] is denied. Ruling on Plaintiff's request for reasonable attorney's fees is reserved, pending receipt of Plaintiff's petition for fees. Plaintiff's petition for fees is due February 5, 2002; defendant's response due February 19, 2002; plaintiff's reply due February 26, 2002; ruling will be by mail.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 2 5 2002 | |
| | Notified counsel by telephone. | | date docketed | 69 |
| | Docketing to mail notices. | | 15 | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| KMc | courtroom deputy's initials | 02 JAN 24 PM 5: 35 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DeVRY/BECKER EDUCATIONAL DEVELOPMENT CORP., | ) ) ) | |
| Plaintiff, | ) ) | No. 00 C 3523 |
| v. | ) ) ) | Magistrate Judge Nan R. Nolan |
| TOTALTAPE, INC., d/b/a BISK PUBLISHING CORP., | ) ) ) | |
| Defendant. | ) | |

DOCKETED
JAN 2 5 2002

## MEMORANDUM OPINION AND ORDER

On March 1, 2001, this Court approved a Final Settlement Agreement between the parties in this trademark infringement action. The matter is now before the Court is Plaintiff DeVry/Becker Educational Development Corp.'s ("Becker") Motion to Reopen Action and for a Rule to Show Cause. In its motion, Becker claims that Defendant Totaltape, Inc., d/b/a Bisk Publishing Corp. ("Bisk") has continued infringing Becker's mark in violation this Court's March 1, 2001 Order, which incorporated the terms of the Final Settlement Agreement.[1] Becker's motion asks the Court to reopen the action, a rule to show cause why Bisk should not be held in contempt for its violation of the March 1, 2001 Order, and for attorney's fees. For the reasons that follow, Becker's motion is DENIED in part, reserving ruling on the issue of the award of attorney's fees.

---

[1] The motion also alleges that Bisk's actions violate Judge Aspen's July 28, 2000 Stipulated Order, which incorporated the parties' July 27, 2000 partial Settlement Agreement. The July 27, 2000 partial Settlement Agreement was also incorporated into the March 2, 2001 Final Settlement Agreement. For the sake of clarity, this opinion will refer only to the alleged violation of the March 1, 2001 Order.



## BACKGROUND

Becker's complaint alleged that Bisk, its competitor in the business of providing CPA examination review courses, unlawfully used Becker's registered trademarks "Becker" and "Becker CPA Review," in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*. Becker alleged that Bisk's use of Becker's marks in internet advertising, including in URLs and metatags, was likely to cause confusion and/or deceive the public that Bisk's CPA review services were owned by, sponsored by, or affiliated with Becker.

The parties settled the matter and entered into a Final Settlement Agreement on March 2, 2001. Pursuant to the settlement, Bisk agreed, among other things, to cease using the Becker trademark and any other terms likely to cause confusion in URLs or computer addresses; in buried code or metatags on Bisk websites; in connection with the retrieval of data or information; and in any other manner that would likely cause internet customers to believe that Bisk's services are authorized by, sponsored by, licensed by, or associated with Becker.

Becker filed the present motion on August 14, 2001, claiming that Bisk had improperly used Becker's trademark as a keyword in a URL address; had paid third party search engines to display featured links to Bisk's websites to potential customers searching for "becker cpa;" and caused featured listings on at least two websites to be displayed as "Becker cpa review course – Bisk Education." Bisk claims that displaying Becker's and Bisk's names together was unintentional and/or was done by a third party search engine or internet marketing service; that Bisk's use of Becker's name as a keyword search term did not violate the Final Settlement Agreement; and that in any event, Bisk has voluntarily stopped the allegedly infringing behavior.

2

## DISCUSSION

Becker motion seeks to reopen this action, a rule to show cause why Bisk should not be held in contempt for violating the Court's order incorporating the Final Settlement Agreement, and attorney's fees.

### *Motion to Reopen Action*[2]

Becker's motion seeking to reopen the action is not supported by any authority that would allow the Court to reopen the case without vacating its March 1, 2001 Order. Moreover, Becker has advised the Court that it does not wish to vacate the settlement agreement. (Sept. 14, 2001 Hr'g Tr. at 24.) Accordingly, Becker's motion to reopen the action is DENIED.

### *Motion for a Rule to Show Cause*

To form the basis for a finding of contempt, a court's order must include "an operative command capable of enforcement." *H.K. Porter Co., Inc. v. National Friction Prods. Corp.*, 568 F.2d 24, 26 (7th Cir. 1977) (internal quotations and citation omitted); *see also D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir. 1993) (holding that a contempt petition can be granted only if the movant "demonstrate[s] by clear and convincing evidence that the respondent has violated the express and unequivocal command of a *court order*") (emphasis in original).

An injunctive court order must also comply with the requirements of Rule 65(d) of the Federal Rules of Civil Procedure. *H.K. Porter*, 568 F.2d at 26-27. Rule 65(d) states that "[e]very order granting an injunction . . . shall describe in reasonable detail, and not by reference to the

---

[2]The motion also seeks discovery related to Becker's allegations. In previous oral rulings, the Court ordered Bisk to produce all relevant documents, and Becker obtained a number of documents from third parties. Because further discovery is unnecessary to the Court's ruling in this matter, Becker's request for additional written and oral discovery is DENIED.

3

complaint or other document, the act or acts sought to be restrained." Fed. R. Civ. P. 65(d). The Seventh Circuit "construe[s] Rule 65(d) strictly, requiring that the provisions of a settlement agreement be expressly set forth in a judicial order before they may be enforced in a civil contempt proceeding." *D. Patrick*, 8 F.3d at 461.

Becker's motion seeks a finding of contempt based upon Bisk's alleged violation of the Court's March 1, 2001 Order. That order referred to the settlement agreement but did not expressly include any of its terms or conditions. The failure to include language imposing specific obligations on Bisk is "fatal" to a contempt proceeding. *Id.*; *H.K. Porter*, 568 F.2d at 27. Therefore, whether or not Bisk violated the terms of the settlement agreement, Becker's request for a rule to show cause is premature and must be denied. *See Smith v. Schermerhorn*, No. 85 C 7372, 1989 WL 13252, at *1 (N.D. Ill. Feb. 13, 1989); *Hanna v. Lane*, No. 84 C 1635, 1989 WL 56898, at *4-5 (N.D. Ill. May 23, 1989).

The Court may, however, enter an order clarifying the rights and duties of the parties under the settlement agreement. *See, e.g., Smith*, 1989 WL 13252, at *2. Such an order is especially appropriate in this case, where Bisk's allegedly infringing behavior has ceased, and the settlement agreement is unclear on the issue of keyword searches. An explicit injunctive order can ensure Becker's rights under the settlement agreement will be protected in the future.

Therefore, the Court orders the following injunctive relief based upon the parties' settlement agreement:

1. Bisk shall permanently cease using in any manner the Becker trademark and any other term or terms likely to cause confusion therewith (a) as Bisk's domain name, directory name, URL, or other computer address; (b) in buried code or metatags; (c)

4

in connection with the retrieval of data or information (including the use of such terms as a keyword or keywords in pay-for-placement or pay-for-rank search engines), or in connection with the advertising or promotion of Bisk's goods, services, or websites; (d) in connection with Bisk's goods or services in such a manner that is likely to create the erroneous belief that said goods or services are authorized by, sponsored by, licensed by, or are in some way associated with Becker; (e) in any other manner in connection with the internet that would cause consumers to believe erroneously that Bisk's goods or services are somehow sponsored by, authorized by, licensed by, or in any other way associated with Becker, provided that this does not prohibit legitimate comparative advertising accurately comparing Bisk's goods and services to Becker's goods and services.

2. Bisk shall inform any and all search engines, internet marketing strategy consultants, or any other third parties who perform services relating to marketing Bisk's goods and services on the internet, of the terms of this order.

3. Bisk shall monitor all search engines with which it has a direct or indirect contractual relationship, including but not limited to search engines with pay-for-rank or pay-for-placement services, at least once every month for the next twelve months to ensure that any searches and/or keywords approved, requested, ordered, or authorized by Bisk comply with the terms of this order.

4. In the event that Bisk identifies or otherwise is advised of a violation of this order (on the part of Bisk or of any third party), Bisk must immediately act to cease the violation and/or to order the third party to cease the violation.

5. Prior to February 22, 2002, Bisk shall file with this court an affidavit stating that it is in compliance with the above requirements.

*Attorney's Fees*

Within 14 days of the date of this order, Becker shall submit to the court its petition for fees. The Court will consider its petition and rule at a later date whether an award of some or all of its fees is appropriate.

## CONCLUSION

Plaintiff DeVry/Becker Educational Development Corp.'s Motion to Reopen Action and for a Rule to Show Cause is DENIED. Ruling on Plaintiff's request for reasonable attorney's fees is reserved, pending receipt of Plaintiff's petition for fees.

**ENTER:**

*[signature]*
**Nan R. Nolan**
**United States Magistrate Judge**

Dated: Jan. 22, 2002